**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 11-09503 EAG |
| JAVIER GONZALEZ RODRIGUEZ, | CHAPTER 7 |
| DEBTOR. | FILED & ENTERED ON 07/10/2012 |

**OPINION AND ORDER**

This proceeding is before the court on the trustee's objection to an exemption claimed by debtor Javier Gonzalez Rodriguez, Gonzalez' response to that objection, the trustee's reply to the response, and Gonzalez' sur-reply.  (Docket Nos. 10, 12, 14 & 15, respectively.)  For the reasons stated by the trustee in his objection and reply, the court grants the trustee's objection to  exemption at docket number 10 and denies Gonzalez' request for voluntary dismissal at docket numbers 12 and 15.

The material facts to this contested matter are few and uncontested.

Gonzalez filed on October 31, 2011, a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  (Docket No. 1.)  On November 7, 2011, Gonzalez filed his Schedule C in which he claimed as completely exempt under section 522(d)(12) his residence, valued at $71,000.  (Docket No. 8).  In the schedule, Gonzalez alleges that the residence "was acquired with the proceeds of liquidation of the money from his retirement plan at Bristol Myers Squibb." (Docket No. 8 at p. 15.) The residence was purchased, according to Gonzalez, just a few days before the filing of the chapter 7 petition.  (Docket No. 12 at p. 3.)

Gonzalez' attempt to characterize the purchase of the residence with the liquidation of retirement funds as a rollover is supported by neither the provisions of law nor case law cited by him.

The case law he cites discusses funds still deposited in qualified retirement accounts at the filing of the bankruptcy. And none of the statutes mentioned by Gonzalez cover retirement monies used prepetition to purchase real estate. See In re Rice, 452 B.R. 623 (Bankr. E.D.Mich. 2011) (cashier's check purchased with a prepetition distribution from a retirement account did not qualify as a rollover and was not exempt under section 522(d)(12)).

Gonzalez, in the alternative, requests that the court dismiss the case because he "will be able to pay-off his remaining debts with the remaining paid benefits of his retirement funds." (Docket No. 12 at p. 3.) The case record, from its face, confirms the ability of Gonzalez to do so. Schedule B lists $67,860 in retirement plan benefits. (Docket No. 8 at p. 12.) Total listed liabilities in Gonzalez' schedules amount to only $9,215. (Docket No. 8.) However, there is no guarantee that Gonzalez will carry through with this promise once his case is dismissed. There is a good chance that continued administration of this case by the trustee will result in a substantial distribution to creditors, possibly even a 100% payment of their claims. And if Gonzalez is serious about voluntarily repaying his debts with exempt retirement funds, the court is not aware of any prohibition preventing him from doing so now. See 11 U.S.C. § 524(f).

The trustee's objection to exemption at docket number 10 is GRANTED and Gonzalez' request for voluntary dismissal at docket numbers 12 and 15 is DENIED.

In San Juan, Puerto Rico, this 10th day of July, 2012.

Edward A. Godoy
U.S. Bankruptcy Judge

2